IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMIE L. HUGHES                                                         PLAINTIFF

v.                          CIVIL NO. 05-2152

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                    DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Jamie L. Hughes brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

Plaintiff filed her application for Disability Insurance Benefits (DIB) on May 17, 2001, alleging disability due to fibromyalgia, back injuries, and pain beginning September 1, 2000. (Tr. 68, 163). Plaintiff's application was denied initially and on reconsideration. (Tr. 33-40, 44-45). A hearing before an ALJ was held on August 22, 2002, at which time plaintiff, represented by counsel, and a vocational expert appeared and testified. (Tr. 23-32). On September 25, 2002, the ALJ issued an unfavorable decision. (Tr. 11-20). The decision of the ALJ became the final

decision of the Commissioner when the Appeals Council denied plaintiff's request for review on February 13, 2003. (Tr. 3-4).

Plaintiff appealed to this court and received a judgment granting a sentence four remand pursuant to 42 U.S.C. § 405(g) dated June 21, 2004. (Tr. 214-226). On July 13, 2004, the Appeals Council vacated the final decision of the Commissioner and remanded the case to an ALJ for further proceedings consistent with the order of the court. (Tr. 230-231).

On December 2, 2002, plaintiff protectively filed subsequent applications for DIB and Supplemental Security Income (SSI) benefits. (Tr. 200-202, 386-389). Plaintiff's subsequent applications were denied initially and reconsideration. (Tr. 187-195, 197-198, 390-396). A hearing before an ALJ was held on July 6, 2004, at which time plaintiff, represented by counsel, appeared and testified. (Tr. 397-419).

A supplemental hearing before an ALJ was held on February 15, 2005, to incorporate evidence from all DIB and SSI claims. (Tr. 420-439). On August 10, 2005, the ALJ issued an unfavorable decision, which encompassed all of plaintiff's existing claims. (Tr. 163-174). The ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 173). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 173). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform the exertional requirements of sedentary work activities. (Tr. 173). More specifically, the ALJ found plaintiff could lift and carry less than ten pounds frequently, ten pounds occasionally; could stand/walk up to two hours out of an eight-hour workday; could sit for six hours out of an eight-hour workday; could

AO72A
(Rev. 8/82)

frequently grasp, do fine manipulation, handle and feel; could occasionally push/pull with her hands and feet; could occasionally reach overhead; and could occasionally balance, stoop, crouch, kneel and crawl but could not climb. (Tr. 173). The ALJ further found plaintiff must avoid concentrated exposure to moving machinery, chemicals, noise, humidity, dust/fumes, temperature extremes and vibrations and must avoid all exposure to heights. With the help of vocational expert testimony, the ALJ found plaintiff is able to perform other work as a telemarketer, motel clerk and receptionist clerk. (Tr. 172-173, 302-304).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied. When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. # 1). Both parties submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 7, 8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other

AO72A
(Rev. 8/82)

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion:**

In the present case, the undersigned is particularly trouble by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The medical evidence establishes plaintiff has been treated and undergone numerous testing for chronic back pain that radiates down the left side of her body continuously since January of 2000. After reviewing the entire record, ALJ found plaintiff able to perform sedentary work. In making this determination the ALJ notes the assessment dated in March of 2001, completed by Dr. Lee Tackett, one of plaintiff's treating physicians, indicating plaintiff

AO72A
(Rev. 8/82)

could perform less than sedentary work, but decided that the assessment completed by Dr. Ted Honghiran, an orthopedic specialist, dated March 28, 2005 should be given more probative weight. (Tr. 150-157, 382). While the ALJ indicated that he gave more probative weight to Dr. Honghiran's opinion, the ALJ failed to address what evidence he used to find plaintiff could perform a full eight hour work day when Dr. Honghiran opined plaintiff could stand/walk for two hours out of an eight-hour work day and could sit for four hours out of an eight-hour work day. It appears the ALJ relied on the fidings of non-examinng medical consultants to find plaintiff able to sit, stand and walk for a full eight-hour work day. The ALJ stated that he relied on Dr. Honghiran's opinion to determine plaintiff's RFC and we find he erred in not discussing his reasons for discounting or accepting Dr. Honghiran's opinion that plaintiff could only sit, stand and walk for six hours out or an eight-hour work day. *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (holding that it was improper for the ALJ to rely on the opinions of reviewing physicians alone). Accordingly, we do not find substantial evidence supporting the ALJ's RFC determination.

Based on the above discussion, we believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ should discuss what medical evidence he used in finding plaintiff able to sit, stand and walk for eight hours in a work day. The ALJ is further directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Dr. Joe Dunaway–asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during

the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

We are also troubled by the ALJ's failure to discuss plaintiff's depression and panic attacks and to do a separate mental functioning analysis. The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id*. Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy,* 683 F.2d at 1147.

On remand the ALJ is also directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing

needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 19th day of September 2006.

/s/ Beverly Stites Jones  
HON. BEVERLY STITES JONES  
UNITED STATES MAGISTRATE JUDGE


8

AO72A  
(Rev. 8/82)
