IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMIE HUGHES                                                                             PLAINTIFF

v.                                   CIVIL NO. 05-2152

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                           DEFENDANT

## O R D E R

Plaintiff, Jamie Hughes, appealed the Commissioner's denial of benefits to this court. On September 19, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 10). Plaintiff now moves for an award of $5444.40 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 34.90 attorney hours for work before the court at an hourly rate of $156.00 and $27.00 in out-of-pocket expenses. (Doc. # 11-1). The defendant filed a response, expressing objections to this award. (Doc. # 13). Specifically, the defendant contended that counsel failed to establish that the requested hourly rate of $156.00 per hour is reasonable according to the Consumer Price Index, counsel requested time for tasks that could have been performed by support staff, counsel sought time for reviewing the file in conjunction with almost every time entry, and counsel requested reimbursement for attorney time prior to the date the district court action was filed. (Doc. # 13).

On February 14, 2007, this court entered an Order awarding plaintiff's counsel $2427.00 in attorneys fees under EAJA. (Doc. # 15). Plaintiff counsel appealed that decision to the

United States Court of Appeals for the Eighth Circuit, and that court entered an order remanding the case for reconsideration of the time counsel claims was spent working on the case prior to the filing of the complaint.  Thus, the sole issue before this court is whether counsel is entitled to the 3.80 hours of alleged attorney hours for tasks performed between October 13, 2005, and November 3, 2005, the date the Complaint was filed with this Court.  Counsel has filed an affidavit stating that the entire 3.80 hours of compensation requested during this time period is for work performed in preparation for the filing of the complaint.  (Doc. # 21).

We note that counsel requests compensation for .90 hour for reviewing the file, .40 hour for a telephone consultation with the plaintiff, and 1.10 hour for an office consultation with her client.  (Doc. # 11-2).  As these tasks were clearly done in preparation for filing the complaint, we believe counsel in entitled to compensation for this time.

Counsel also requests 1.00 hour for drafting/preparing the complaint, summonses, civil cover sheet, and the correspondence to the clerk.  (Doc. # 11-2).  While we are cognizant of the fact that counsel is required to sign both the complaint and the civil cover sheet, we note that the actual preparation of these documents, including the summonses and letter, can be accomplished via the use of a staff member.  It is also significant to note that the Complaint used by counsel is a 3 page standardized form.  Therefore, we will allow .10 hour for counsel's signature and review of the complaint and cover sheet.  *See Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).

Likewise, counsel requests .10 for the receipt/review of the NEF for the complaint; .10 for the receipt/review of the NEF for the issuance of summonses; .10 for the receipt/review of

2

the NEF for the IFP application; and, .10 for the receipt/review of the NEF for the Order granting IFP status. We note that the receipt/review of NEF's is a function that can generally be assigned to a staff member. (Doc. # 11-2). *See id.* However, because one of the NEF's was of an Order entered by this Court, counsel is entitled to .05 attorney hours for the review of this 1 page, standard order. Accordingly, counsel will receive .05 attorney hours for the receipt/review of this NEF.

Therefore, we find that counsel is entitled to compensation for 2.55 of the 3.80 hours of time requested for worked performed between October 13, 2005, and November 3, 2005. As the remainder of our time allocations was upheld on appeal, those allocations will remain in effect.

A copy of the consumer price index was not submitted in support of counsel's EAJA petition filed with this court, but because it was submitted to the appellate court, we will accept it as proof of the increase in the cost of living. However, we do not agree that counsel is entitled to an hourly rate of $156.00 per hour. We believe that an award based upon an hourly rate of $152.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. *See Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir.1990). Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $152.00 per hour.

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 19.75 (34.90-15.15) hours for attorney's fees, at the rate of $152.00 per hour and $27.00 in out-of-pocket expenses for a total attorney's fee award of $3029.00. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

3

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 11th day of June 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)